## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BIRMINGHAM & ASSOCIATES, INC.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 2:10-cv-0733-SLB** |
| | } | |
| **THE BAXTER COMPANY OF** | } | |
| **NORTH MS, LLC,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on defendant The Baxter Company of North MS,

L.L.C.'s ("Baxter") Motion to Dismiss for Lack of Personal Jurisdiction, Or, In the

Alternative, Motion to Transfer Venue ("Motion to Dismiss or Transfer"), (Doc. 6);[1]

Motion to Strike Amended Complaint, (Doc. 23); and Motion to Withdraw Motion to

Dismiss for Lack of Personal Jurisdiction ("Motion to Withdraw"), (Doc. 24).  The case

is also before the court on plaintiff Birmingham and Associates, Inc.'s ("Birmingham")

Response to Motion to Strike, Or, In the Alternative, Motion for Leave to Amend

Complaint.  (Doc. 26.)  Upon consideration of the record, the submissions of the parties,

the arguments of counsel, and the relevant law, the court is of the opinion that Baxter's

Motion to Transfer, (Doc. 6), is due to be granted; Baxter's Motion to Withdraw, (Doc.

---

[1]  Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

24), is due to be granted; Baxter's Motion to Strike Amended Complaint, (Doc. 23), is due to be denied; and Plaintiff's Motion for Leave to Amend Complaint, (Doc. 26), is due to be granted.

## I.  CASE OVERVIEW

On March 3, 2010, Birmingham filed this lawsuit in the Circuit Court of Jefferson County, Alabama.  Baxter removed the case to this court by filing a Notice of Removal on March 29, 2010.  (Doc. 1.)  Removal is based upon diversity jurisdiction.  Birmingham filed a Motion to Remand on April 13, 2010, (Doc. 2), which it later withdrew by motion, (Doc. 15).  Baxter filed a Motion to Dismiss for Lack of Personal Jurisdiction, Or, In the Alternative, Motion to Transfer Venue ("Motion to Dismiss or Transfer"), (Doc. 6), on April 14, 2010.  In the Motion to Dismiss or Transfer, Baxter argues that this court lacks personal jurisdiction over Baxter and that the court therefore should dismiss the case, or, alternatively, transfer the case to the Northern District of Mississippi pursuant to 28 U.S.C. § 1404(a).

After Birmingham responded to Baxter's Motion to Dismiss or Transfer, Baxter filed a Motion to Withdraw Motion to Dismiss for Lack of Personal Jurisdiction.  (Doc. 24.)  In the Motion to Withdraw, Baxter moves to withdraw the portion of its Motion to Dismiss or Transfer that requests a dismissal for lack of personal jurisdiction, asserting instead that a transfer of venue is the more appropriate remedy.  (*Id.* ¶ 3.)

Birmingham filed Plaintiff's First Amended Complaint on October 20, 2010.

(Doc. 21.)  In the Amended Complaint, Birmingham adds negligence and wantonness

counts to its original complaint and omits the fictitious defendants included in the original

complaint.  Baxter moved to strike the Amended Complaint, arguing that it was filed

outside of the permissible time period for amending pleadings and without leave of court.

(Doc. 23.)

## II.  FACTUAL SUMMARY

Birmingham is an Alabama corporation having its principal place of business in

Jefferson County, Alabama.  (Doc. 1 at 6.)  Baxter is a limited liability company

domiciled in the state of Mississippi, with its principal place of business in Tupelo,

Mississippi.  (Doc. 1 at 7.)  Birmingham is a construction subcontractor and was engaged

in a project in Ecru, Mississippi out of which this lawsuit arose.  (Doc. 6 ¶ 2.)  The

general contractor on the Ecru project was J.R. Hunter Construction Company, Inc.

("Hunter"), a Mississippi corporation that maintains its principal place of business in

Tupelo, Mississippi.  (*Id.*)  In its state-court Complaint, Birmingham alleged the

following:

> 6.  Birmingham retained Baxter to provide a one hundred thirty (130)
> ton crane ("the Crane") for a project and a driver for that crane.  On or
> about July 14, 2008 Baxter delivered the Crane to the Project and its driver
> began to utilize the crane to stage bundles of roofing materials at various
> locations on the roof of the project.

> 7.  Upon information and belief, three bundles were lifted and placed
> on the roof of the Project.  However, while the Baxter employee was

3

attempting to lift the fourth bundle the crane tilted and fell over across the roof purlins.

8.  Upon information and belief, Baxter failed to utilize required counterweights on the Crane causing it to fall.

9.  Upon information and belief, the Baxter employee that was delivering the counterweights arrived just after the incident occurred and expressed frustration about why the Baxter Crane operator did not wait until the counterweights arrived.  Additionally, upon information and belief Baxter stated that this type incident had happened two times previously.

10.  Upon information and belief, the Baxter Crane operator had disabled the Crane's computer that was indicating to him that the [Crane] required counterweights so that he continue working without the counterweights.

(Doc. 1 at 6 ¶¶ 6-10.)

Birmingham claims that it incurred costs in repairing damage to the roof caused by Baxter's actions and that Baxter refused Birmingham's request for reimbursement of those costs.  (*Id.* ¶ 11.)  Birmingham also asserts that Baxter has refused its demand for indemnification against claims related to the crane incident brought by general contractor Hunter against Birmingham.  (*Id.* ¶ 12.)  The Complaint alleges that Baxter's conduct with respect to the crane incident was negligent, wanton and/or reckless.  (*Id.* ¶ 13.) Birmingham states claims of (1) Breach of Contract, (2) Unjust Enrichment, and (3) Common Law Indemnity, and seeks compensatory damages, attorney's fees and costs, interest, and declaratory judgment.  (*Id.* ¶¶ 15-28.)

### III.  MOTION TO DISMISS OR TRANSFER

**A. Baxter's Motion to Withdraw Motion to Dismiss for Lack of Personal Jurisdiction**

In its Motion to Withdraw Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. 24), Baxter requests the court to allow it to withdraw the portion of its Motion to Dismiss or Transfer, (Doc. 6), which requests a dismissal for lack of personal jurisdiction. In its Motion to Withdraw, Baxter states that it "does not stipulate that the Motion to Dismiss is without merit.  To the contrary, Baxter simply believes that a transfer of venue would be the more appropriate remedy."  (Doc. 24 ¶ 2.)

Objections to personal jurisdiction, unlike subject matter jurisdiction, may be waived by a defendant.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009).  "[A] party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its first Rule 12 motion, other responsive pleading or general appearance."  *Id.*  The court interprets Baxter's Motion to Withdraw as a waiver of personal jurisdiction.  Accordingly, the Motion to Withdraw will be granted.

**B. Venue**

Because this court has granted Baxter's Motion to Withdraw, the court need not address the parties' arguments relating to personal jurisdiction.  The remaining issue before the court from the Motion to Dismiss or Transfer is whether this case should be transferred to the Northern District of Mississippi under 28 U.S.C. § 1404(a).

The general venue provision, 28 U.S.C. § 1391, does not apply to actions removed to federal court. "Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district." *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001). However, a defendant dissatisfied with venue after removal may seek a transfer to another division or district under § 1404(a). *Id.* at 1300.

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has broad discretion in deciding whether to transfer an action to a more convenient forum under § 1404(a). *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)).[2] If the transfer would merely shift the inconvenience from one party to the other, or if the balance of factors only slightly weighs in favor of the movant, the court should defer to the plaintiff's choice of venue. *See Robinson*, 74 F.3d at 260; *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994).

---

[2] The Eleventh Circuit has adopted as binding precedent decisions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In analyzing venue, a district court must first determine whether the action could have been brought in the proposed transferee district court, and then the court must decide whether the balance of convenience favors transfer. *Johnston*, 158 F.R.D. at 503, 504. This action could have been filed originally in the United States District Court for the Northern District of Mississippi.  This court has original subject matter jurisdiction over this action based upon diversity.  28 U.S.C. § 1332(a).  The accident at issue occurred in Ecru, Mississippi, and Baxter's principal place of business is in Tupelo, MS.  Therefore, the Mississippi court has personal jurisdiction over Baxter.  Venue is proper in the Northern District of Mississippi because the main event underlying this cause of action occurred in Mississippi, and the defendant is subject to personal jurisdiction there.  28 U.S.C. § 1391.

Next, this court must consider whether the balance of convenience favors transfer. Factors to be considered in determining the convenience of venue include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the costs of obtaining attendance of willing witnesses; . . . and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (analyzing the doctrine of *forum non conveniens*).

As for the convenience of the parties, Birmingham has chosen Alabama as its preferred forum.  Courts are less reluctant to overcome the plaintiff's choice of forum

where either (a) the parties' contract contains a valid and enforceable choice of forum

provision that designates venue elsewhere, or (b) the plaintiff's choice of forum is

unrelated to the parties or the subject matter of the lawsuit.  *See In re Ricoh Corp.*, 870

F.2d 570, 573 (11th Cir. 1989) (noting that courts give the plaintiff's choice of forum

"considerable deference" except when the parties have contractually entered into a

reasonable and valid choice of forum provision); *Patel v. Howard Johnson Franchise*

*Systems, Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996) (noting that if the plaintiff's

selected forum is unrelated to the parties or the subject matter of the lawsuit, it is less

difficult for the defendant to seek a change of venue).

      Neither party alleges the existence of a forum selection provision in the parties'

contract. Since Birmingham is incorporated in Alabama and its employees reside in

Alabama, the plaintiff's choice of forum is connected to the plaintiff, if not the defendant.

However, since the accident at issue occurred in Mississippi, Alabama is unrelated to the

subject matter of the lawsuit, and plaintiff's choice of forum is accorded less deference.

*Patel*, 928 F. Supp. at 1101.  As far as distance to either forum, the convenience of the

parties is fairly evenly balanced.  One of the parties would be inconvenienced to some

degree, wherever venue is set.  If the case is transferred, Birmingham would have to

travel about 200 miles to appear in court in Oxford, Mississippi.[3]  If the case remains in

---

    [3] Baxter's briefs in support of its Motion to Dismiss or Transfer refer to a "federal courthouse Tupelo, Mississipppi."  (Doc. 7 at 7; Doc. 25 at 4.)  However, there is no federal courthouse in Tupelo, only a probation office.  The parties have requested that, if the transfer is granted, venue be set in Oxford, Mississippi.

this court, Baxter would have to travel about 135 miles from Tupelo, Mississippi, where its business is based, to court in Birmingham, Alabama. The court finds that the convenience of the parties weighs slightly in favor transfer.

As for the convenience of witnesses, the court finds that the key witnesses to the case likely reside in Mississippi. "The convenience of witnesses is said to be a primary, if not, the most important factor in passing on a motion to transfer under § 1404(a). A court must focus primarily upon the availability and convenience of *key* witnesses." *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1311 (M.D. Ga. 2003) (internal citations omitted). While both parties have only identified a few witnesses, Baxter alleges that most of the witnesses reside in Mississippi. (Doc. 7 at 8.) Specifically, Baxter alleges that the crane operator resides in Mississippi and that the general contractor, Hunter, is located in Mississippi. (*Id.*) The crane operator and witnesses to the accident are likely to be key witnesses in this case. Although Baxter has failed to support its allegations regarding the witnesses' residences with any affidavits or other evidence, this court assumes that the majority of key witnesses will be located in Mississippi, since the accident occurred at a project site in Mississippi involving Hunter and Baxter, two Mississippi corporations. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (holding that district court did not abuse its discretion in transferring Title VII case from Southern to Middle District of Georgia where all relevant employment records were located in the Middle District and finding that "it was reasonable for the district courts to assume that

9

the overwhelming majority of the witnesses whose testimony might be relevant to the trial of appellants' claims resided in the Middle District of Georgia").  However, the court notes that Baxter has not argued that it would be unduly expensive to hale these witnesses into court in Alabama, or that they cannot be compelled to appear in court in Alabama.

Birmingham argues that its witnesses all reside in Alabama, and, therefore, venue is more convenient in Alabama.  In support of this argument, Birmingham filed an Affidavit of its president, Steve Birmingham.  (Doc. 22-3, Birmingham Aff.)  The potential witnesses identified by Birmingham are Steve Birmingham, who initially contacted Baxter about supplying the crane for the project site in Ecru; Birmingham's project manager; and other unnamed "employee witnesses."  (Doc. 22-3 ¶¶ 2, 3, 5, Birmingham Aff.)  In his Affidavit, Birmingham states, "All of the employee witnesses for B&A that are most knowledgeable about the collapse are located in Alabama."  (*Id.* ¶ 5.)  However, it is unclear to the court whether these employees were physically present at the project site the day of the accident, a fact which would impact the value of their testimony.  The court finds that the convenience of the witnesses weighs in favor of transfer as the key witnesses likely reside in Mississippi.

Regarding the "interest of justice" prong, Birmingham argues that because it has asserted state law claims under Alabama law, it is proper to maintain venue in Alabama.  (Doc. 22 at 15.)  A court sitting in the state that provides the governing law is presumed to be more familiar with that state's law than a court sitting in another state would be,

and, thus, the applicable law is a relevant consideration in the transfer analysis.  *See Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966).  Birmingham's assertion that Alabama law applies is not correct, however.  Birmingham's common law causes of action arose out of an accident that occurred in Mississippi, which triggers the application of  Alabama's conflict-of-laws rules.

Under Alabama's conflict-of-laws rules, it appears that Mississippi law will govern the causes of action in this case. The conflicts rule, and the resulting law to be applied, depends on the cause of action asserted.  Here, Birmingham asserts claims for breach of contract, unjust enrichment, and common law indemnification in the original complaint, as well as additional tort claims added in the Amended Complaint.  Alabama courts determine the substantive rights of an injured party according to the law of the state where the injury occurred.  *Middleton v. Caterpillar Indus., Inc.*, 979 So. 2d 53, 57 (Ala. 2007).  The accident from which this lawsuit arises occurred in Ecru, Mississippi; therefore, under Alabama conflicts law, Mississippi law would govern the tort claims.  *Id.* Breach of contract actions are governed by the law where the contract was made.  *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991) (noting that "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.").  The court is unclear where the contract between Birmingham and Baxter was made, although it appears that Birmingham contacted Baxter by phone at Baxter's office in Tupelo, and that Baxter

11

accepted Birmingham's offer by phone.  (Doc. 6 at 2 ¶ 2; Doc. 22-3 at 2, Birmingham

Aff.)  If Birmingham's offer was accepted in Mississippi, the contract was "made" there,

and Mississippi law will govern the contract and any damages resulting from its breach.

*Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1158 (Ala. 2001).  Therefore, the claims

asserted by Birmingham, all tort and contract claims, will likely be governed by

Mississippi law.  Because maintenance of venue in this court would require the court to

apply foreign law, with which it is less familiar than Alabama law, this court finds that

the interest of justice weighs in favor of granting transfer.

Birmingham argues that Baxter's decision to conduct business in Alabama and its

allegedly wrongful acts arising from that decision preclude Baxter from arguing that

venue is more convenient in Mississippi.  Birmingham argues, "Defendant, who avails

itself and derives much of its business from Alabama, [cannot] now say [it's]

inconvenient to defend here.  That suggests that it is convenient for Defendant to take

money from Alabama, but when its own recklessness causes damages to Alabama

companies, it becomes inconvenient to be held accountable in Alabama."  (Doc. 22 at 14.)

The court rejects this aspect of Birmingham's argument, as Baxter's business activities in

Alabama and Baxter's potential liability in this case are irrelevant to an analysis of

convenience.

On balance, the court is persuaded that the plaintiff's choice of forum in Alabama

is "clearly outweighed" by the convenience of transfer to Mississippi.  *Robinson*, 74 F.3d

at 260.  The accident occurred in Mississippi and a majority of the evidence and witnesses

will likely be located there.  A Mississippi court will also be more familiar with applying

the relevant Mississippi law.  For these reasons, transfer to Mississippi would clearly be

more convenient than maintaining venue in Alabama and is in the interest of justice.

Accordingly, the defendant has met its burden of showing that transfer is more

convenient, and Baxter's Motion to Transfer will be granted.[4]

### IV.  MOTION TO STRIKE AMENDED COMPLAINT

Baxter moves the court to strike Birmingham's Amended Complaint, (Doc. 20),

arguing that the Amended Complaint was improperly filed "because it was filed without

leave of court and without the written consent of Baxter."  (Doc. 23 ¶ 3.)  Baxter further

argues that it will be prejudiced by allowing Birmingham to amend its Complaint at this

stage because, allegedly, Birmingham has been able to conduct discovery while Baxter

has not been able to do any discovery, and that "[p]reventing Baxter from defending this

claim is extremely prejudicial."  (Doc. 27 ¶ 6.)

Pursuant to Rule 15(a), if the time for amending pleadings without leave of court

has expired, a party may only thereafter amend its pleading with the opposing party's

written consent or the court's leave. Fed. R. Civ. P. 15.  The rule provides that the court

"should freely give leave when justice so requires."  District courts have broad discretion

---

[4]  At oral argument, the parties consented to the transfer of this case to the Northern
District of Mississippi and to the court's granting Birmingham's Motion for Leave to Amend
Complaint.

to grant or deny leave to amend, and "[i]n the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994).

The court finds that Baxter will not be prejudiced if Birmingham is permitted to file an Amended Complaint.  Baxter asserts that Birmingham has been able to conduct discovery while Baxter has been unable to do so.  The discovery to which Baxter refers, however, is the deposition of a Baxter employee taken by Birmingham in an arbitration proceeding in Mississippi between Birmingham and Hunter, the general contractor of the project site at issue in this litigation.  (Doc. 6 ¶ 1; Doc. 27 ¶ 3.)  Since this case was removed to this court in March 2010, no scheduling order has been filed.  Therefore, while Birmingham may have begun discovery in a separate, but related case, the only discovery conducted so far in this case has been for the purpose of establishing personal jurisdiction.  (Doc. 22-2, Def.'s Answer to Pla.'s First Set Interrogs.; Doc. 26 ¶ 3.)  Therefore, Baxter's ability to conduct discovery has not been prejudiced by the filing of the Amended Complaint.

Birmingham avers that its purpose in amending its Complaint is to add counts for negligence and wantonness, which it "inadvertently" left out of the original complaint. (Doc. 26 ¶ 5; Doc. 21 ¶¶ 29-37.)  Accordingly, because Baxter has failed to show how permitting Birmingham to amend its complaint will cause it undue prejudice or to otherwise demonstrate why leave to amend should not be granted, the court will grant

14

Birmingham's Motion for Leave to Amend Complaint, (Doc. 26), and will deny Baxter's

Motion to Strike Amended Complaint, (Doc. 23).[5]

   **DONE**, this 24th day of January, 2011.


                                        _Sharon Lovelace Blackburn_
                                        SHARON  LOVELACE  BLACKBURN
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

   [5]  Baxter is correct that Birmingham's Motion for Leave to Amend Complaint should
have been filed before the amended complaint.  However, the court sees no reason to strike the
Amended Complaint and instruct Birmingham to re-file a Motion for Leave to Amend Complaint
when Baxter has not been prejudiced by Birmingham's filing of an amended complaint.